UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONDELL NEWSON and SHARK
FAMILY PARENT GROUP,

    Plaintiffs,

v.                                                    Case No.:  2:19-cv-791-FtM-38NPM

CAPE CORAL SCHOOL
AUTHORITY, OASIS HIGH
SCHOOL and FLORIDA HIGH
SCHOOL ASSOCIATION,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Plaintiff Rondell Newson's Motion Requesting an Emergency Hearing and Temporary Restraining Order (Doc. 3). This case centers on the record of the Oasis High School varsity football team, the Sharks. On October 2, 2019, an assistant principal at Oasis High School discovered that a member of the football team was academically ineligible to play in the 2019 football season. Because the student had already played in violation of the applicable bylaws, Oasis self-reported the incident to the Florida High School Athletic Association. Among other sanctions, the Association ordered the forfeiture of three games in which the ineligible student played. Newson asks

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

the Court to reverse the decision and restore the Sharks' win-loss record so they can compete in the state playoffs.

Federal courts have limited jurisdiction, so they are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). In an action filed directly in federal court, the plaintiff must plead and prove jurisdiction. *See King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007). Federal "district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. After a careful review of Newson's complaint and the other documents he filed, it does not appear that this Court has jurisdiction over this matter. In other words, the Court has no authority to intervene here, and this case must be dismissed. But the Court will give Newson an opportunity to amend his complaint if he believes he can plead a basis for jurisdiction in federal court.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Rondell Newson's Motion Requesting an Emergency Hearing and Temporary Restraining Order (Doc. 3) is **DENIED**.

2. Newson's Emergency Complaint of Temporary Restraining Order (Doc. 1) is **DISMISSED without prejudice**.

3. Newson may file an amended complaint consistent with this Order on or before **November 15, 2019**. Failure to do so will result in the Court closing this case without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of November, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record